No. 535

### CARPENTER v. INDUSTRIAL COM.
and
### CARPENTER v. SMITH

Ohio Appeals, Eighth District, Cuyahoga County
Nos. 4457, 4463. Decided June 18, 1923

This opinion has not been published except in Abstract.

**WORKMEN'S COMPENSATION—Effect of contract for sharve of recovery of workmen's compensation in lieu of attorney fees.**

Pollock, Roberts and Farr, JJ., Seventh Dis., sitting

FARR, J.:

Epitomized Opinion

Action to subject a fund recovered from the Industrial Commission to the payment of an alleged lien for services. Mrs. Smith sought compensation from the Industrial Commission for the death of her hus-

band, which resulted from injuries received at the Chandler Motor Car Company, where he was employed. She engaged Carpenter to represent her as attorney in the prosecution of her claim, and by written contract agreed to give him 50% of any recovery for attorney fees. The application was rejected by the Industrial Commission, but on appeal to the Court of Common Pleas, she was awarded compensation of $5,160. Demurrers of the Industrial Commission and Mrs. Smith to Carpenter's petition were sustained by the Common Pleas Court. Carpenter prosecuted both error and appeal to the Court of Appeals. He contended that the refusal to recognize his claim upon the fund so recovered, contravened the right of contract and the enjoyment of private property. The Industrial Commission insisted that the allowance of such attorney fee against the fund would violate the spirit and purpose of the Workmen's Compensation Act as disclosed by Sections 1465-36 to 1465-108. In affirming the judgment of the Common Pleas Court the Court of Appeals held:

1. The Workmen's Compensation Act provides that compensation shall be exempt from all claims of creditors, from attachment and execution, and that the __s of the proceedings including reasonable attorney fees to the claimant's attorney to be fixed by the trial judge, shall be taxed against the Industrial Commission. Therefore it was not the legislative intent to permit an attorney's fee to be taxed against any award made to a beneficiary.

2. Under the Act compensation shall be paid only to the employees or their dependants. An employee entitled to compensation cannot assign his right. Opinion of Attorney General, vol. 3, p. 2104.

3. This holding is not violative of the Constitution of Ohio, which guarantees the right of contract and the protection of private property, bdcauƒe the Workmen's Compensation Law is itself a creature of the constitution, elaborated by legislative enactment.

4. Whether such a contract is against public policy as urged in the case of Japel v. Cremer, 85 O. S. 349,403, is unnecessary to discuss under the above reasoning.